**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:15CV591**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** )<br>)<br>**Plaintiff,** )<br>v. )<br>**TRUDY R. GILMOND,** )<br>**Defendant.** ) | **ORDER** |

This matter is before the Court upon Plaintiff's Motion for Sanctions, Entry of Default Judgment and, Alternatively, Summary Judgment Against Defendant Trudy Gilmond, filed January 27, 2017. Defendant Gilmond did not respond to the motion. The Court entered an Order on March 8, 2017 directing Defendant Gilmond to show cause within ten days why default judgment should not be entered in favor of the SEC for her refusal to participate in discovery in this case. Defendant Gilmond has failed to respond to the Court's Order. Specifically, the SEC has moved pursuant to Rule 37 to have the Court: (1) order that the facts asserted against Gilmond in the Complaint be taken as true; (2) prohibit her from opposing the Commission's claims; (3) strike her Amended Answer; and (4) enter default judgment against her.

**BACKGROUND**

This action concerns Defendant Gilmond's role in the fraudulent unregistered offer and sale of RVG's ZeekRewards securities. Doc. No. 1 (Complaint) at ¶1.[1] Rex Venture Group, LLC ("RVG") and its principals, employees, and promoters, including Gilmond, solicited investors through the internet and over interstate wires to participate in the ZeekRewards program (www.zeekrewards.com), describing it as an "affiliate advertising division" for the companion website Zeekler (www.zeekler.com), through which RVG operated penny auctions. *Id*. at ¶2. From approximately January 2011 until RVG and ZeekRewards were shut down in August 2012, RVG raised more than $850 million from approximately 1 million investors nationwide and internationally by making unregistered offers and sales of securities through the ZeekRewards website in the form of Premium Subscriptions and VIP Bids. *Id*. at ¶3. In reality, ZeekRewards was a massive Ponzi and pyramid scheme. Approximately 98% of ZeekRewards' total revenues and purported "net profits" paid to investors came from new investors rather than legitimate retail sales. *Id.* at ¶5.

Gilmond was one of the most successful and prolific promoters of ZeekRewards. From at least September 2011 until ZeekRewards was shut down in August 2012, Gilmond worked closely with the company founders and served as a senior "field liaison" to promote the scheme,

---

[1] On August 17, 2012, the Securities and Exchange Commission filed an action in this Court to obtain injunctive and monetary relief against RVG and Paul Burks, shut down the ZeekRewards Ponzi and pyramid scheme, freeze RVG's assets, and seek appointment of a Receiver for RVG. *SEC v. Rex Venture Group, LLC d/b/a ZeekRewards.com and Paul Burks*, Civil Action No. 3:12-cv-519 (the "RVG Action"), Doc. No. 1 (RVG Complaint). The Receiver sued Gilmond for her role in the ZeekRewards program. *See Kenneth D. Bell v. Todd Disner, et al.*, Civil Action No. 3:14-cv-00091 (the "Net Winner Action"), Doc. No. 1 (Complaint). The Receiver's Complaint was based on the same conduct by Gilmond alleged in the Complaint in this matter. Gilmond ultimately defaulted in the Net Winner Action, and this Court entered judgment against her in the amount of $2,129,522.27. The Court observed that Ms. Gilmond not only failed to appear as directed in that litigation, she advised the Court by letter that she refused to do so.

persuading scores of unsophisticated retail investors to buy ZeekRewards securities upon the promise of profit sharing. Gilmond reaped more than $1.7 million in transaction-based commissions and bogus profit-sharing for her recruiting efforts. *Id.* at ¶4.

On December 20, 2015, Gilmond answered the Complaint in this case with a general denial. On February 1, 2016, counsel for the SEC attempted to conduct an attorney conference pursuant to Fed. R. Civ. P. 26(f) by telephone. Gilmond did not join the planned teleconference, and counsel was unable to reach her by telephone on that day. Certification of Initial Attorney Conference and Discovery Plan (Doc. No. 5). On February 3, 2016, counsel reached Gilmond by telephone, but she was unable or unwilling to participate meaningfully in formulating a discovery plan. *Id.* On February 16, 2016, Gilmond filed an Amended Answer at the suggestion of counsel for the SEC.

After amending her Answer, however, Gilmond has refused to participate further in this litigation. She made no initial disclosures, as required by Rule 26 of the Federal Rules of Civil Procedure. Nor did she respond to written discovery served by the SEC, which included interrogatories, requests for production of documents and requests for admission, most of which were directed at exploring Gilmond's role in RVG's ZeekRewards scheme, quantifying the compensation she received, and identifying any remaining assets that could be returned to injured investors. As a result of Gilmond's failure to respond, the SEC's Requests for Admission are deemed admitted. Fed.R.Civ.P. 36.

On September 28, 2016 the SEC served Gilmond with a notice of deposition for November 7, 2016. The SEC noticed Gilmond's deposition in Burlington, Vermont, near Gilmond's home, rather than in Charlotte, North Carolina, in order to encourage Gilmond to attend. Nonetheless, she failed to appear. After repeated attempts by SEC counsel to reach

Gilmond by email and telephone, she responded, making it clear that she was aware of the planned deposition, and that she did not plan to attend or further contest this matter.

**DISCUSSION**

Courts have broad discretion to impose sanctions for abuses of the discovery process, and Rule 37 explicitly contemplates entering "a default judgment against the disobedient party." Fed.R.Civ.P. 37(b)(2)(A)(vi); *see also* Fed.R.Civ.P. 37(c)(1)(C) & (d)(3). In particular, the Rule authorizes a court to impose sanctions if "a party, after being properly served with interrogatories under Rule 33 . . . fails to serve its answers, objections, or written response. Fed.R.Civ.P. 37(d). Rule 37(d) also authorizes sanctions if "a party ... fails, after being served with proper notice, to appear for that person's deposition." *Id*. Moreover, Rule 37(d)(3) also allows a district court to require the party failing to appear for the deposition "to pay the reasonable expenses, including attorney's fees caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* "Rule 37 does not require there to be a violation of a court order in order for the sanctions to be imposed." *Unifi Export Sales, LLC v. Mekfir Int'l Corp.*, 233 F.R.D. 443, 445-46 (M.D.N.C. 2005) (granting default judgment based on "defendants' complete failure to participate in the discovery in this case").

In *Wilson v. Volkswagen of America, Inc*., 561 F.2d 494, 503–06 (4th Cir. 1977), the Fourth Circuit described a four-part test that courts should apply before defaulting a party for discovery abuses: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice suffered by his adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. The Court finds that each of these factors weigh heavily in favor of the sanction of default.

As described above, Gilmond has utterly refused to participate in discovery. Although she eventually filed an amended answer to flesh out her previous general denial, she has declined all further participation in these proceedings. She made no initial disclosures pursuant to Rule 26 and failed to respond to any written discovery. She also failed to appear for her properly-noticed deposition near her home in Vermont, despite six weeks' advance notice from the SEC. Without notifying counsel for the SEC or seeking alternative arrangements, Gilmond failed to appear. After the SEC counsel made repeated attempts to reach Gilmond by email and telephone, Gilmond finally responded by email, making it clear that she was aware of the planned deposition, but that she did not plan to attend or further contest this matter. Based upon this conduct evidencing Gilmond's clear intent not to participate in this lawsuit, the Court finds that she has acted in bad faith. The SEC has been prejudiced by her failure to produce any evidence relevant to her defense. Moreover, this type of callous disregard for the rules of discovery and this Court's Discovery Plan must be deterred. The Court further finds that no lesser sanction is likely to be effective. Accordingly, default is an appropriate sanction. As requested, the Court grants leave to the SEC to file supplemental briefing on remedies, including injunctive relief, disgorgement, and civil penalties.

IT IS THEREFORE ORDERED THAT the Plaintiff's Motion for Sanctions, Entry of Default Judgment and, Alternatively, Summary Judgment Against Defendant Trudy Gilmond is hereby GRANTED; and

IT IS FURTHER ORDERED THAT the facts asserted against Gilmond in the Complaint are taken as true; Gilmond is hereby prohibited from opposing the Commission's claims; her

Amended Answer is stricken; and default judgment is entered against her.

Signed: March 27, 2017

Graham C. Mullen
United States District Judge