IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC
JUN 21 2017
US District Court
Western District of NC

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No.<br>) 3:15-cv-00591-GCM |
| TRUDY R. GILMOND, | )<br>) |
| Defendant. | )<br>) |

## FINAL JUDGMENT

The Securities and Exchange Commission having filed a Complaint and Defendant Trudy Gilmond having entered a general appearance, consented to the Court's jurisdiction over her and the subject matter of this action. On March 27, 2017, this Court entered an Order granting the Security and Exchange Commission's motion for sanctions for Gilmond's utter refusal to participate in discovery in this case. Order, Doc. 13. The Court's order entered a default judgment against Gilmond, deemed the facts the SEC asserted in its complaint to be true, and prohibited Gilmond from opposing the SEC's claims.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Gilmond is permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

1

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Gilmond's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Gilmond or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Gilmond is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

2

instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Gilmond's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Gilmond or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Gilmond is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by, without being registered with the Commission as a broker or dealer or an associated person of a broker-dealer, acting as a broker or dealer and making use of the mails or any other means or instrumentality of interstate commerce to effect any transaction in, or to induce or attempt to induce the purchase or sale of, any security.

3

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Gilmond is liable for disgorgement of $1,752,673.47, representing sums fraudulently transferred to her as a result of the conduct alleged in the Complaint, plus prejudgment interest of $169,084. This amount will be offset dollar-for-dollar by any amount(s) paid in connection with any order of restitution or forfeiture in *Bell v. Disner*, et al., No. 3:14-cv-00091 (W.D.N.C.) (Dkt. 113-1).

Gilmond shall satisfy any remaining disgorgement and prejudgment interest obligations up to the total amount of $1,921,757.47 by making payments within 30 days to the court-appointed Receiver in *Bell v. Disner*, et al., No. 3:14-cv-00091 (W.D.N.C.) for distribution to harmed investors. Such payments, shall be: (A) made by United States postal money order, certified check, bank cashier's check or bank money order; (B) made payable to Kenneth Bell, Esq., court-appointed Receiver for Rex Venture Group LLC d/b/a ZeekRewards.com; (C) hand-delivered or mailed to Kenneth Bell, Esq. , McGuire Woods, LLP, 201 North Tryon Street, Charlotte, NC 28202-2146; and (D) submitted under cover letter identifying the case title, civil action number, and name of this Court; identifying Gilmond as a Defendant, together with a cover letter specifying that payment is being made pursuant to this Final Judgment. Gilmond shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making any such payment, Gilmond relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to her.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at

any time after 90 days following entry of this Final Judgment. Gilmond shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Gilmond is liable for a civil penalty in the amount of $150,000 pursuant to Section 20(d) of the Securities Act. Gilmond shall satisfy this penalty obligation within 30 days by making payments to the court-appointed Receiver in *Bell v. Disner*, et al., No. 3:14-cv-00091 (W.D.N.C.). Such payments, shall be: (A) made by United States postal money order, certified check, bank cashier's check or bank money order; (B) made payable to Kenneth Bell, Esq., court-appointed Receiver for Rex Venture Group LLC d/b/a ZeekRewards.com; (C) hand-delivered or mailed to Kenneth Bell, Esq. , McGuire Woods, LLP, 201 North Tryon Street, Charlotte, NC 28202-2146; and (D) submitted under cover letter identifying the case title, civil action number, and name of this Court; identifying Gilmond as a Defendant, together with a cover letter specifying that payment is being made pursuant to this Final Judgment. Gilmond shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Gilmond relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to her.

Pursuant to Section 308(a) of the Sarbanes-Oxley Act 2002, as amended, a Fair Fund is created for civil penalties paid by the Gilmond to the court-appointed Receiver for distribution to harmed investors. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect

5

of the civil penalty, Gilmond shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Gilmond's payment of disgorgement in this action, argue that she is entitled to, nor shall she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Gilmond's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Gilmond shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Gilmond by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated, 21 June 2017

_____
UNITED STATES DISTRICT JUDGE

6

Case 3:15-cv-00591-GCM   Document 15   Filed 06/21/17   Page 6 of 6